UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

2:11-CV-372 JCM (RJJ)

SCOTT MORRIS, an individual,

Plaintiff,

v.

INTERNETWORK EXPERT, INC., a Nevada corporation,

Defendant.

**ORDER**

Presently before the court is defendant Internetwork Expert, Inc.'s (hereinafter "Internetwork") motion to dismiss (doc. #6). The plaintiff responded to the motion to dismiss (doc. #7), and the defendant replied (doc. #8).

According to the complaint, on or about June 13, 2008, plaintiff and defendant entered into an "Asset Employment Agreement" that set forth specifications for position, hours, guaranteed term length, specific duties, and salary/benefits (doc. #1, compl., ¶ 9-10). Plaintiff claims to have consistently worked hours exceeding the specified hours, for which he received no compensation (doc. #1, compl., ¶ 13).

Furthermore, on or about August 1, 2009, plaintiff and defendant reached a separate agreement wherein Internetwork would disseminate a teaching tool, "The Audio Bootcamp," created by Morris, in return for a percentage of gross receipts (doc. #1, compl., ¶ 15, 17). Plaintiff asserts that defendant has failed to pay all sums under this agreement (doc. #1, compl., ¶ 23).

The plaintiff Morris filed his complaint against defendant Internetwork (doc. #1) on March

**James C. Mahan**
**U.S. District Judge**

9, 2011. The complaint alleges four causes of action: (1) breach of contract; (2) breach of implied covenant of good faith; (3) unjust enrichment; and (4) injunctive relief (doc. #1). Internetwork now comes before the court seeking to dismiss two of the four causes of action against it (doc. #6).

**I.   MOTION TO DISMISS**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (citing *Bell Atlantic*, 550 U.S. at 557). However, where there are well pled factual allegations, the court should assume their veracity and determine if they give rise to relief. *Id.* at 1950.

    A.   <u>Claim 3 – Unjust Enrichment</u>

Unjust enrichment is a quasi-contract theory that allows the court to prevent "the unjust enrichment of money property of another against fundamental principles of justice or equity and good conscience." *Asphalt Products Corp. V. All Star Ready Mix, Inc.*, 898 P.2d 699, 701 (Nev. 1995). However, "an action for unjust enrichment is not available when there is an express, written contract, because no agreement can be implied when there is express agreement." *Leasepartners Corp. v. Robert L. Brooks Trust,* 942 P.2d 182, 187 (Nev. 1997). It is also true that "a party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones." Fed. R. Civ. P. 8(d).

Here, in addition to making a claim for unjust enrichment, plaintiff also makes a claim for breach of contract. Defendant Internetwork denies the existence of a contract (expressly written or otherwise) in regards to the "Audio Bootcamp" teaching tool created by plaintiff Morris. Accordingly, the plaintiff is permitted to plead two separate claims in the alternative until the existence of the contract is determined.

    B.   <u>Claim 4 – Injunctive Relief</u>

Injunctive relief is a remedy and not a claim for relief. This court cannot determine whether

1  the plaintiff is entitled to such relief at this juncture.

2  Accordingly,

3  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Internetwork

4  Expert, Inc.'s motion to dismiss (doc. #6) is hereby DENIED.

5  DATED May 31, 2011.

*/s/ James C. Mahan*
UNITED STATES DISTRICT JUDGE